JAMES HAWKINS APLC
JAMES R. HAWKINS SBN 192925
SEAN S. VAHDAT SBN 239080 (Of counsel)
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile:  (949) 387-6676
James@jameshawkinsaplc.com

Attorneys for Jason Kingsley, individually and on behalf of all others similarly situated

UNTED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, NORTH DIVISION

| | |
|---|---|
| **JASON KINGSLEY, individually and on behalf of the proposed class,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**IKEA US RETAIL, LLC, a Virginia Limited Liability Company; IKEA US WEST, form unknown; and DOES 1 through 50, inclusive,**<br><br>**Defendants.** | Case No.<br><br>Assigned for all Purposes to:<br>Hon.<br>Dept.<br><br>**CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382 FOR:**<br><br>**(1) FAILURE TO PAY MINIMUM WAGES;**<br><br>**(2) FAILURE TO PAY OVERTIME;**<br><br>**(3) FAILURE TO PROVIDE MEAL PERIODS;**<br><br>**(4) FAILURE TO PROVIDE REST PERIODS;**<br><br>**(5) FAILURE TO TIEMLY PAY WAGES;**<br><br>**(6) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;**<br><br>**(7) UNFAIR COMPETITION;** |

1

CLASS ACTION COMPLAINT

COMES NOW plaintiff Jason Kingsley ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against Defendants Ikea US Retail, LLC a Virginia Limited Liability company and IKEA US West, form unknown, (doing business as IKEA) (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to Fed. R. Civ. Proc. 23(b)(2).

2. Venue is proper in this Court and this judicial district because this is a class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332, and because this is a putative class action involving more than 100 putative class members who are seeking to recover in excess of $5,000,000, exclusive of interest and costs, and the parties are minimally diverse. *See* 28 U.S.C. § 1332(d).

3. Plaintiff Jason Kingsley is a citizen of California. Defendants Ikea US Retail LLC are a Limited Liability Company formed in Virginia, and IKEA US West Inc. was a Delaware corporation, with their headquarters on information and belief in Maryland.

4. CAFA provides that putative class actions under 28 U.S.C. § 1332 grants original jurisdiction where, as here, the putative class contains at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

5. This putative class action satisfies all the jurisdictional requirements under CAFA. Specifically, (1) the proposed class consists of 1000 or more members; (2) the parties are minimally diverse; (3) the amount in controversy exceeds the $5,000,000 jurisdictional threshold; (4) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; and (5) the exceptions to CAFA do not apply here. See *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1020-22 (9th Cir. 2007).

## PARTIES

6. Plaintiff, Jason Kingsley is, and at all times relevant to this action, a resident

of Martinez California, in Alameda County, California.  Plaintiff was hired by Defendants in approximately July 17, 2012 as a non-exempt employee.  Plaintiff was paid an hourly rate at all times.  Plaintiff's duties were as follows: Operating a forklift, stocking shelves, and performing general duties assigned to him.

7. Defendant, Ikea US Retail, LLC a Virginia Limited Liability company and IKEA US West, form unknown, (doing business as IKEA), hereinafter referred to as "IKEA" employ employees throughout the United States and in the County Alameda.

8. On information and belief, IKEA, is in the business of providing retail goods, throughout the United States and the State of California.

9. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants at all times mentioned herein were licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

10. Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

11. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names pursuant to Fed. R. Civ. Proc. 17.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

12. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and

of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

13. Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## **CLASS ACTION ALLEGATIONS**

14. Plaintiff brings this action as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) on behalf of himself and on behalf of all persons proximately damaged by IKEA's conduct, including, but not necessarily limited to, the following "Plaintiff Classes":

> Any and all persons who are or were employed in non-exempt positions, however titled, by Defendants in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

15. Plaintiff also seeks to represent the subclass(es) composed of and defined as follows:

> All Class Members who have been employed by Defendants in non-exempt positions within the State of California at any time between June 2020 and the present and have separated their employment.

> All persons who have been employed by IKEA in a non-exempt position within the State of California at any time within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit that worked a shift of more than 3.5 hours and have separated employment with Defendant.

16. Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

17. This action has been brought and may properly be maintained as a class action under the provisions of Fed. R. Civ. Proc. 23(b)(2) and/or (3). because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

    **a.** **Numerosity:** The members of the Class and/or Subclass are so numerous that joinder of all members of the Class and/or Subclass would be unfeasible and impractical. The membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    **b.** **Typicality:** Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or subclass with whom he has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions. All members of the Class and/or Subclass have been similarly harmed by not being provided accurate wage statements; by not being provided adequate meal periods, adequate authorized and permitted rest periods or paid premium wages in lieu thereof; not paid all wages due and owing including overtime wages; and not paid the correct pay rate; all due to Defendants' own policies and practices that affected each

member of the Class and/or Subclass similarly. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclass.

      **c.** **Adequacy:** Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom he has a well defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass. Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

      **d.** **Superiority:** The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclass would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclass, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclass and the disposition of their interests through actions to which they were not parties.

      **e.** **Public Policy Considerations:** Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

**f.     Commonality:** There are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

1.  Whether Defendants failed to pay Plaintiff and the Class minimum wages by requiring them to work through rest or meal breaks in violation of California Labor Code §§1194, 1197, 1197.1;

2.  Whether Defendants failed to pay all wages including overtime wages to Plaintiff and Class Members due to its failure to compensate the employees properly for all the time they have actually worked, including meal and rest break time in violation of California Labor Cod §§510 and 1198;

3.  Whether Defendants failed to pay Plaintiff and members of the Class all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, in violation of California Labor Code §201, and 202;

4.  Whether Defendants failed to provide meal periods in accordance with applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage orders, in violation of California Labor Code §512;

5.  Whether Defendants failed to authorize and permit rest breaks in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage orders, in violation of California Labor Code §226.7;

6.  Whether Defendants failed to provide an accurate pay rate in violation of California Labor code §201 and §202;

7.  Whether Defendant failed to provide accurate wage statements, in violation of California Labor Code §226;

8. Whether Defendant violated § 17200 *et seq.* of the Business & Professions Code by failing to provide adequate meal periods to Plaintiff and members of the Plaintiff Class;

9. Whether Defendants violated § 17200 *et seq.* of the Business & Professions Code by failing to permit and authorize Plaintiff and members of the Plaintiff Class adequate rest breaks;

10. Whether Defendants violated § 17200 *et seq.* of the Business & Professions Code by failing to compensate Plaintiff and members of the Plaintiff Class one (1) hour's wages in lieu of meal and/or rest periods; and

11. Whether Plaintiff and the members of the Plaintiff Class are entitled to equitable relief pursuant to Business & Professions Code § 17200 *et seq*.

## FACTUAL ALLEGATIONS

18. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions, however titled, throughout the state of California.

19. Defendants employed Plaintiff as a Non-Exempt Forklift Operator, working as a non-exempt hourly paid employee during the liability period until his separation on or about June 22, 2020.

20. Defendants continue to employ non-exempt employees, however titled, throughout the state of California.

21. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

22. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

23. On information and belief, during the relevant time frame, Plaintiff and Class Members worked over eight (8) hours in a day and forty (40) hours in a work week.

24. On information and belief, during the relevant time frame, Plaintiff and Class Members were not paid an accurate overtime and/or sick pay rate when they received bonus pay, or other incentives.

25. During the relevant time frame, Plaintiff, and on information and belief the Class Members were systematically denied a second meal period when performing labor more than 10 hours in a day, and they were not permitted or authorized a third rest break if they worked over 12 hours in a shift; and they were not permitted to leave the company premises during the meal or rest periods.

26. Nevertheless, Defendants never paid Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where all meal periods and rest breaks were not adequately provided, or not provided within the legally required time frames.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wages including overtime compensation, and premium wages including but not limited to Labor Code §§201-203, 226.7, 510, 512, 1194 and applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular and overtime wages and not paid all meal and rest period premiums due.

28. During the relevant time frame, Plaintiff, and on information and belief the Class Members, were not paid all wages due and owing at the time of separation for meal and rest period premiums, minimum wages and overtime wages, time spent under the control of Defendant working and upon separation from Defendants employ.

29. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members premium wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

30. Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, IWC Wage Orders and corresponding applicable provisions of California Code of Regulations, Title 8, 11000 et seq.

# CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION FOR FAILURE TO PAY MINIMUM WAGES

### By Plaintiff and Class Against All Defendants

31. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

32. At all times relevant, the IWC wage orders applicable to Plaintiffs and Class Members require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to work through his meal breaks, and whose hours were rounded down in an effort to prevent overtime pay to employees.

33. On information and belief at all times relevant, Plaintiff and Class members were not compensated properly for all their hours worked.

34. Plaintiff and the Class members are entitled to at least minimum wages during any time they perform labor, including while off the clock.

## SECOND CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME

### By Plaintiff and Class Against All Defendants

35. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

36. At all times relevant, the IWC wage orders applicable to Plaintiffs and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An

employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

37. At all times relevant, the IWC wage orders applicable to Plaintiff and Class Members require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is required to work through his meal breaks, and whose hours were rounded down in an effort to prevent overtime pay to employees.

38. Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week and to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

39. At all times relevant, Plaintiff and Class Members from time to time worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

40. At all times relevant, on Defendants failed to pay all overtime wages to Plaintiff and Class Members.

41. Defendants' failure to pay Plaintiff and Class Members overtime compensation violates the provisions of Labor Code §510 and §1194, and the applicable IWC wage orders and is therefore unlawful.

42. Accordingly, Defendants owe Plaintiff and Class Members overtime wages.

### THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS
**By Plaintiff and Class Against All Defendants**

43. Plaintiff repeats and incorporates herein by reference each and every

allegation set forth above, as though fully set forth herein.

44. Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

45. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their non-exempt positions, however titled, meal breaks of not less than thirty (30) minutes and not provided meal periods within the required time frames pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants.

46. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

47. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided and not provided within the required time frames, and for any meal break where Plaintiff was not allowed to leave the employer's premises.

**FOURTH CAUSE OF ACTION FOR FAILURE TO AUTHORIZE REST PERIODS**
**By Plaintiff and Class Against All Defendants**

48. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

49. Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to

take rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

50. Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed to permit and authorize Plaintiff and Class Members, in their roles as non-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.

51. For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

52. Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

**FIFTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**
**By Plaintiff and Class Against All Defendants**

53. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

54. Labor Code §§201-202 requires an employer who discharges an employee to

pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

55. Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

56. During the relevant time period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and Class Members their wages, earned and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ. These wages include the wages that were automatically deducted as though meal periods had been taken, minimum and overtime wages, and meal and rest break premiums, but upon separation Defendants failed to pay wages due and owing within the time frame specified by Labor Code §§201-202.

57. Defendants' willful failure to pay Plaintiff and Class Members their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ, violates Labor Code §§201-202.

58. As a result, Defendants are liable to Plaintiff and members of the Class for waiting time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

### SIXTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENT
**By Plaintiff and Class Against All Defendants**

59. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

60. Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses among other things. Defendants have knowingly and intentionally failed to comply with Labor Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

61. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the Class. On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

62. On information and belief Defendants have also failed to accurately identify the name and address of the legal entity as required in Industrial Wage Orders and Labor Code §226.

63. On information and belief Defendants have also failed to accurately record the meal and rest period premiums owed and all wages owed per pay period. Further on information and belief Defendants have failed to indicate the proper pay rate when bonuses were paid.

64. Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things. Pursuant to Labor Code section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

//
//
//

## SEVENTH CAUSE OF ACTION FOR UNFAIR COMPETITION
**By Plaintiff and Class Against All Defendants**

65. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

66. Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

67. Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

68. A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law. In the instant case, Defendants' policy and practice of failing to pay minimum wages including overtime over the past four (4) years violates Labor Code §§ 201, 202, 203, 510, and 1194. Defendants' policy of failing to provide Plaintiff and the Class with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames, violates Labor Code §512, and §226.7 and applicable IWC Wage Orders and California Code of Regulations.

69. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

70. Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees, interest; and an award of costs.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

## Class Certification

I. That this action be certified as a class action;

II. That Plaintiff be appointed as the representative of the Class;

III. That Plaintiff be appointed as the representative of the Subclass; and

IV. That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

## On the First Cause of Action

1. For compensatory damages in an amount equal to the amount of unpaid minimum wages;

2. For pre-judgment interest on any unpaid Minimum Wage compensation due from the day that such amounts were due;

3. For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4. For such other and further relief as the Court deems proper.

## On the Second Cause of Action

1. For compensatory damages in an amount equal to the amount of unpaid Overtime wages;

2. For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3. For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4. For such other and further relief as the Court deems proper.

## On the Third Cause of Action

1. For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2. For such other and further relief as the Court deems proper.

//
//

### On the Fourth Cause of Action

1. For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2. For such other and further relief as the Court deems proper.

### On the Fifth Cause of Action

1. For statutory penalties pursuant to Labor Code §203;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

### On the Sixth Cause of Action

1. For statutory penalties pursuant to Labor Code §226;

2. For interest for wages untimely paid; and

3. For such other and further relief as the Court deems proper.

### On the Seventh Cause of Action

1. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay all minimum wages and overtime wages due over the last four (4) years in an amount according to proof;

2. That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay minimum and overtime wages, premium wages for meal and/or rest periods, that were not provided as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

3. For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

4. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

**DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: December 23, 2020

JAMES HAWKINS APLC

By: /s/ James R. Hawkins
JAMES R. HAWKINS, ESQ.
SEAN VAHDAT, ESQ.
Attorneys for Plaintiff Jason Kingsley, individually and on behalf of all others similarly situated.